An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| BRANDON C. RAGLAND,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 64340<br><br>**FILED**<br><br>APR 10 2014<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction entered pursuant to a jury verdict of felon in possession of a firearm. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant Brandon Ragland contends that the district court erred by denying his pretrial suppression motion and by failing to accord the Computer Aided Dispatch (CAD) report the weight of evidence it is entitled to as an official police document. "Suppression issues present mixed questions of law and fact. This court reviews findings of fact for clear error, but the legal consequences of those facts involve questions of law that we review de novo." *State v. Beckman*, 129 Nev. ___, ___, 305 P.3d 912, 916 (2013) (internal quotation marks and citations omitted).

The district court conducted an evidentiary hearing on Ragland's suppression motion.[1] Officer Peter Kruse testified that he responded to a domestic violence call at 7:30 a.m. The victim told him that Ragland was her boyfriend, Ragland had struck her several times, and her

___

[1]The Honorable Carolyn Ellsworth, District Judge, presided over the evidentiary hearing and denied Ragland's suppression motion.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11483

vehicle had been damaged. She further stated that Ragland might be in a black Tahoe or a blue Mercury Sable. Officer Kruse responded to the victim's second call at about 10:30 a.m. The victim told him that Ragland had walked towards her apartment, he may have driven up in a black Tahoe, and a revolver was missing from her apartment. After leaving the victim's apartment, Officer Kruse spotted a blue car in the parking lot, ran the car's license plate, and determined that the car was registered to Ragland. He approached the car, peered through the windshield because all of the other windows were tinted, and saw a firearm. Thereafter, he contacted the Firearms Investigations Unit detectives and waited for them to arrive—he did not open the car door or see anyone push or rock the car.

Detective John Maholick testified that he arrived on the scene at 12:25 p.m. and was informed that Ragland was a convicted felon, the blue car was registered to Ragland, and there was a gun inside the car. He confirmed this information through a records check and by peering through the car's windshield. He applied for a telephonic search warrant at 1:19 p.m., and he executed the warrant approximately 10 minutes later. He conducted a systematic search of the car's interior, recovered a semi-automatic handgun, and left a copy of the search warrant and the return in the car. Detective Maholick explained that the times reflected on the CAD report are the times that the dispatcher received the information from the officer and not the times that the event actually occurred. He emphasized that he was actually on the phone with the judge at 1:19 p.m., it takes about 10 minutes to obtain a warrant, and he recovered the handgun within 15 minutes of initiating his call to the judge.

The district court admitted the CAD into evidence during Ragland's closing argument. Ragland argued that the CAD demonstrates

that the police recovered the gun from the car at 3:22 p.m. and obtained the search warrant 30 minutes later at 3:52 p.m. The district court observed that the officers who testified did not prepare the CAD report and could not authenticate it, they stated that the time is automatically entered when the dispatcher enters something in to the computer, and there was no testimony as to the accuracy of the CAD entries. The district court found that the officers' testimony was credible and that the affidavits that Ragland supplied did not support the idea that the car was rocked to reveal the handgun.

We conclude that the search was lawfully conducted pursuant to a valid search warrant and that the district court did not err by denying Ragland's suppression motion. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____ J.
Parraguirre

_____, J.
Saitta

cc:  Hon. David B. Barker, District Judge
     Bill A. Berrett
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk